## BURTIS v. CHAMBERS.

1. **Evidence: SEDUCTION.** In an action for damages for seduction, testimony showing that the party alleged to have been seduced had, previous to the time of the alleged seduction, introduced another party to her parents as her husband, was *held* to be immaterial, as not tending to show unchaste conduct.

*Appeal from Mills District Court.*

TUESDAY, OCTOBER 7.

ACTION to recover of the defendant damages for the seduction of the plaintiff's minor child; also, damages for ma-

·licious prosecution. The plaintiff's daughter, Jane Burtis, was employed for a short time as a servant in the defendant's family, and about that time she became pregnant, and afterward was delivered of a still-born child. It was claimed by her that the defendant was the father of the child. Her father, the plaintiff, reported that the defendant was the father of his daughter's child, whereupon the defendant caused the plaintiff to be arrested upon the charge of conspiring with his daughter to obtain money from him, and injure him in his business and reputation. Upon a preliminary examination the plaintiff was discharged. He now claims that the prosecution was malicious. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff for eight hundred dollars. The defendant appeals.

*Hale, Stone & Proudfit*, for appellant.

*Fred. Rector, Anderson & Eaton* and *Watkins & Williams*, for appellee.

ADAMS, J.—The instructions of the court to the jury were satisfactory to the parties. They are not contained in the record in this court. The grounds upon which it is claimed there should be a reversal of the judgment are for alleged errors in the rulings of the court upon the admission and rejection of evidence, and that the verdict should have been set aside because it was not warranted from the evidence. Upon the first ground it is proper to say that some of the objections to the rulings upon the admission of evidence, which are presented in argument by counsel for appellant, are not necessary nor proper to be considered, because, as appears from the additional abstract filed by appellee, and which is not controverted by appellant, the grounds of objection do not exist. For example, upon the first reading of appellant's abstract it appeared to us that the court erroneously refused to allow the defendant, in the cross-examination

of Jane Burtis, to interrogate her as to a conversation with one Olive K. Snyder, which was material to the issues. By the additional abstract it appears that the witness was permitted to answer the questions asked her upon that subject, and the appellant's abstract shows that the deposition of Olive K. Snyder was introduced and read to the jury. We need not, however, specify further.

We will now consider some of the objections made to the rulings of the court pending the trial. Upon the cross-examination of Jane Burtis the following question was propounded to her: "State if about that time, at some meeting or gathering, you did not introduce Mr. Gorkie to your parents as your husband?"

1. EVIDENCE: seduction.

The court excluded an answer to this question upon the ground of immateriality, and as not being cross-examination. The time referred to was before the alleged seduction. Counsel for appellant insist that the answer to this question would have tended to show that Jane was at the time referred to guilty of grossly unchaste conduct. We are unable to see that it would have had that effect. The mere act of introducing a man to her parents as her husband was not indecent in itself. It is not claimed that she sought to have her parents believe her assertion by any acts or conduct other than the mere introduction. We think it might well have been considered as the mere pleasantry of a pure mind rather than unchaste conduct.

The wife of the defendant was a witness in his behalf. Defendant's counsel propounded to her this question: "State whether or not you and your husband have lived together in peace and harmony?" The objection of immateriality was interposed by the plaintiff, and sustained by the court. The ground upon which it is claimed this testimony is material is that Jane Burtis had testified that the defendant had proposed to her to elope with him; "that his own wife was kind of deaf, and couldn't hear good."

The ruling of the court was clearly correct. The testi-

mony of the wife of the defendant, while it might establish the fact that the defendant was happy in his domestic relations, would not tend to disprove the alleged conversation with Jane Burtis. That is another and distinct fact, which cannot be disproved by evidence of the character sought to be elicited by this question.

There are other exceptions to the ruling of the court, pending the trial, which do not appear to us to be well taken. It is not necessary that we should specify them, nor allude to them in detail.

The material question in the case, and that which is pressed with characteristic zeal and ability of counsel, is, can this verdict be sustained by the evidence?

Some of the members of the court, including the writer, are inclined to think that the charge of seduction is not made out. The defendant was, at the time, a married man, as Jane Burtis well knew. The evidence of seduction, if any, is very slight. Jane testifies that the defendant asked her to elope with him, and that she immediately consented. This appears to have been the first improper proposal. Afterward, according to her testimony, he came to her bed and had illicit connection with her by force and intimidation. There was some other evidence which some of the members of the court are inclined to think tended to show that the illicit connection, if it took place, was accomplished by the use of seductive influences. But whether it was or not we need not determine. The verdict was general. The petition contains two counts. If the verdict can be sustained upon either count, it cannot be disturbed. It is undisputed that Jane became the mother of an illegitimate child. If her testimony is to be believed the defendant was the father of it. If he was the father of it he had reason to believe he was the father of it, and that the plaintiff and his daughter were not guilty of a conspiracy against him. If he caused the plaintiff to be arrested and prosecuted, believing at the same time that he

was not guilty, he did so through malice, and for the purpose of intimidation.

In our opinion we should not be justified in setting aside the verdict.

AFFIRMED.

Mr. Justice SEEVERS dissents upon the ground that he thinks that the verdict is not sustained by the evidence.